
FILED
2024 Feb-15 PM 01:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **NAQUITA BURT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. 5:24-cv-00079-CLS |
| | ) |
| **SEAN GORMANY, PHIL SIMS, ADAM CULBERT, MANNING, and ORTIZ,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This action is before the court on the application of plaintiff, Naquita Burt, to proceed *in forma pauperis*. Doc. no. 2.

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915(a)(1). That provision permits the court to authorize the commencement of a suit without prepayment of fees upon the party's submission of an affidavit, including a statement of all assets, in support of the party's inability to pay the required fee. Plaintiff has submitted such an affidavit, substantiating her inability to pay. Accordingly, the court finds that the motion is due to be granted.

Even so, a case in which the court permits a plaintiff to proceed without prepayment of fees still must be dismissed if the court determines that the action is "frivolous or malicious," or that the complaint fails to state a claim upon which relief

may be granted.  *See* 28 U.S.C. § 1915(e)(2).   Therefore, the court is obligated to review the present complaint with those standards in mind.

Plaintiff's complaint was handwritten on a form provided by the Clerk to assist *pro se* plaintiffs when commencing a civil action.[1]  That form requires a plaintiff to provide a short and plain statement of each claim, briefly stating the facts and how each defendant was involved.  Plaintiff completed that section of the form by stating that she was:

> forced to eat sandwich from trash.  Arrested after trying to report misconduct.  Rights violated.  Culbert [defendant Adam Culbert] attempted to illegally search and seize my devices.  Reports were denied [*sic*] due to confirmed conflict of interest by [defendant] Phil Sims.  Refused by other counties due to Jurisdiction.  Denied fair trial.  Restricted 1st amendment severely.  Used PFA fraudulently conspired and assumed guilt pretrial due to bias.

Doc. no. 1 (Complaint for Violation of Civil Rights), at 4 (alterations supplied). Plaintiff stated that those events occurred "Inside Marshall County Jail and Court facilities" in "2021 [and are] continuing."  *Id.* (alteration supplied).  Plaintiff indicated that her claim was based upon 42 U.S.C. § 1983, but did not specify which federal constitutional or statutory right(s) she claimed to have been violated. *Id.* at 3.  She described the relief sought as "change of venue, punitive and monetary damages seeking 250,000." *Id.* at 5.

---

[1] Doc. no. 1 (Complaint for Violation of Civil Rights).

The court liberally construes *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The court may not, however, "serve as *de facto* counsel for a party, or [ ] rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (alteration supplied) (internal citations omitted). Even under that liberal standard, the court still concludes that the allegations of plaintiff's complaint, without more, fail to state a claim upon which relief may be granted. Plaintiff's allegations are vague and conclusory, and do not identify how, or by whom, her federal constitutional or statutory rights were violated. Accordingly, this action will be dismissed. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 15th day of February, 2024.

_____
Senior United States District Judge